IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEREK LALONDE,

           Petitioner,

    v.

BRIAN BELLEQUE,

        Respondent.

Civil No. 05-91-BR

OPINION AND ORDER

      **THOMAS J. HESTER**
Assistant Federal Defender
101 S.W. Main St.
Suite 1700
Portland, OR  97204

        Attorney for Petitioner

      **HARDY MYERS**
Attorney General
**LYNN DAVID LARSEN**
Assistant Attorney General
Department of Justice
1162 Court St. N.E.
Salem, OR  97301

        Attorneys for Respondent

**BROWN, Judge.**

    Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254.

For the reasons that follow, the Petition for Writ of Habeas Corpus is **DENIED**, and this action is **DISMISSED**.

## BACKGROUND

On September 17, 1987, Petitioner pleaded no contest to one count of Kidnapping in the First Degree, three counts of Rape in the First Degree, one count of Sodomy in the First Degree, two counts of Sexual Penetration in the First Degree, one count of Assault in the Second Degree, and one count of Robbery in the Second Degree. The trial judge sentenced Petitioner to a total of 100 years of imprisonment with a 50-year minimum. The trial judge also found Petitioner was a Dangerous Offender on one of the Rape charges and required an enhanced 30-year sentence for that charge to run consecutively to the Kidnapping charge. In 1996, the Honorable Ancer L. Haggerty of this court granted habeas corpus relief on Petitioner's claim of ineffective assistance of counsel during the dangerous offender hearing, and sent the case back to state court for re-sentencing. *LaLonde v. Maass*, Case No. 93-CV-1217-HA. On remand, the state court sentenced Petitioner to a total of 70 years of imprisonment, with a 35-year minimum, which again included the enhanced 30-year dangerous offender sentence on one of the Rape charges. The trial judge explained he imposed a shorter sentence than before because criminal behavior generally tapers off around age 45, and he thought the 35-year minimum was "adequate protection for society." Resp. Exh. 110, pp. 186-87.

Petitioner directly appealed his new sentence. While his appeal was pending, the United States Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and Petitioner sought to amend his appeal to add an *Apprendi* challenge to his dangerous offender designation. On November 9, 2000, the Oregon Supreme Court allowed review and "remanded [Petitioner's case] to the Court of Appeals for further consideration of *Apprendi*." Resp. Exh. 123, p. 1. The Oregon Court of Appeals eventually affirmed Petitioner's sentence, and the Oregon Supreme Court denied review. *State v. Lalonde*, 177 Or. App. 726, 33 P.3d 1067 (2001), *rev. denied*, 338 Or. 66, 118 P.3d 802 (2005).

On January 19, 2005, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. In his Amended Petition for Writ of Habeas Corpus, Petitioner alleges four grounds for relief:

> **Ground One:** Petitioner's due process and equal protection rights as guaranteed by the Fourteenth Amendment to the United States Constitution were violated when re-sentencing was handled by a judge who was improperly biased against Petitioner.
>
> **Ground Two:** Petitioner's confrontation rights were denied when, at re-sentencing, he was not permitted to impeach the state's expert witness.
>
> **Ground Three:** Petitioner's Sixth Amendment trial rights were violated when he received a dangerous offender sentence that exceeded the statutory maximum for the crime of conviction based on the judge's findings that Petitioner was a dangerous offender.
>
> **Ground Four:** Petitioner was denied due process rights and/or subject to a Bill of Attainder when he received

a "dangerous offender" sentence under a statutory scheme
that is unconstitutionally vague and which punished him
based on his status as a mentally ill person.

In his Memorandum in Support, Petitioner addresses only the claims alleged in Grounds Two and Three.  Respondent argues Petitioner procedurally defaulted both claims for relief.  Respondent also argues that, in any event, any error on the first of these claims was harmless, and that Petitioner is not entitled to relief on the merits of the second of these claims because the state court's decision is entitled to deference.

## DISCUSSION

**I.    Unaddressed Claims**

As noted, Petitioner does not provide argument to support the claims alleged in Grounds One and Four of his Amended Petition for Writ of Habeas Corpus.  Nor does Petitioner attempt to refute Respondent's arguments that these claims do not entitled him to habeas corpus relief.  The Court has nevertheless reviewed Petitioner's unargued claims and determined that they do not entitle him to relief.  *See* 28 U.S.C. § 2248 ("[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent the judge finds from the evidence that they are not true").

## II.  *Apprendi* Claim - Procedural Default

In his third claim for relief, Petitioner alleges the trial judge violated his constitutional rights by imposing a dangerous offender sentence in violation of the principles announced in *Apprendi*.  In particular, the "dangerous offender" portion of the sentence, which exceeded the statutory maximum for the crime of conviction, was based upon facts not found beyond a reasonable doubt by the trier of fact.  Respondent, however, contends Petitioner procedurally defaulted his *Apprendi* claim because he failed to preserve the alleged error at the re-sentencing hearing.

Generally, a habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceeding, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982).  A petitioner satisfies the exhaustion requirement "by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986)), *cert. denied*, 545 U.S. 1146 (2005).

A federal court is precluded from reviewing the merits of a claim when the state court has denied relief on the basis of an independent and adequate state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Vansickel v. White*, 166 F.3d 953, 957 (9th Cir.), *cert. denied*, 528 U.S. 965 (1999). A state procedural rule constitutes an "independent" bar if it is not interwoven with federal law or dependent upon a federal constitutional ruling. *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985); *LaCrosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001). A state procedural rule constitutes an adequate bar to federal court review if it was "firmly established and regularly followed" at the time it was applied by the state court. *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

A petitioner is barred from raising procedurally defaulted claims in federal court unless he demonstrates: (1) "cause" for failing to properly present the claim to the state court and "actual prejudice" resulting from such failure; or (2) "a fundamental miscarriage of justice." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. at 732.

In Oregon, appellate review is governed by Or. R. App. Pro. § 5.45(1), which states that "[n]o matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court." The Rule does, however, provide an alternate

procedure whereby "the appellate court may consider an error of law apparent on the face of the record" when the error was not preserved in the lower court.  This provision allows the Oregon Courts of Appeals to consider errors of law which are "obvious" and "not reasonably in dispute." *Ailes v. Portland Meadows, Inc.*, 312 Or. 376, 381, 823 P.2d 956 (1991).  To be error apparent on the face of the record, an alleged error must satisfy three predicate criteria:  "(1) it must be an error 'of law'; (2) it must be 'apparent,' meaning the point must be obvious, that is, not reasonably in dispute; and (3) it must appear on the face of the record, meaning the court need not look beyond the record to identify the error or 'choose between competing inferences, and the facts constituting the error must be irrefutable.'" *State v. Caldwell*, 187 Or. App. 720, 725, 69 P.3d 830 (2003) (quoting *Ailes*, 312 Or. at 381-82), *rev. denied*, 336 Or. 376, 84 P.3d 1080 (2004).

Petitioner did not raise an *Apprendi* objection to his dangerous offender sentence at the re-sentencing hearing.  The first time Petitioner raised the issue was in his Motion for Summary Vacation of Sentence and Remand, filed after the Oregon Supreme Court initially denied review of his case.  The Oregon Supreme Court remanded Petitioner's case to the Oregon Court of Appeals to reconsider Petitioner's case in light of his *Apprendi* claim.  Upon reconsideration the Court of Appeals affirmed the

7 - OPINION AND ORDER -

sentence, citing *State v. Crain*, 177 Or. App. 627, 33 P.3d 1050 (2001), *rev. denied*, 334 Or. 76, 45 P.3d 450 (2002), which held failure to preserve an *Apprendi* claim at the trial court precluded appellate review. Resp. Exh. 133. In *Crain*, the Court of Appeals declined, as well, to consider the *Apprendi* claim as a "plain error." *See also State v. Gornick*, 340 Or. 160, 170, 130 P.3d 780 (2006) (under established Oregon law, claims may not be raised for the first time on appeal unless they fall into the narrow "plain error" exception, and *Apprendi* claims do not fit within that exception).

Petitioner argues the Court of Appeal's finding that "plain error" did not exist was necessarily based upon a federal analysis of the *Apprendi* claim. In effect, Petitioner would have this Court read Rule 5.45(1) in an "as-applied" manner such that any future federal habeas litigant could cite to the "plain error" exception in order to raise a federal habeas claim which was not preserved for state appellate review. *See Gibbs v. Hill*, — F.Supp.2d —, 2008 WL 299070 *4 (D. Or., Jan. 29, 2008). "Such a result is contrary to the purpose of the exhaustion doctrine which is designed 'to avoid the unnecessary friction between the federal and state court systems that would result if a lower federal court upset a state court conviction without first giving the state court system an opportunity to correct its own constitutional

errors.'" *Id.* (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973)).

The Oregon Court of Appeals found an independent and adequate state procedural rule precluded review of Petitioner's *Apprendi* claim on the merits.  As such, the claim is procedurally defaulted.  Petitioner does not establish cause and prejudice or a fundamental miscarriage of justice excusing the procedural default and, as such, is not entitled to habeas corpus relief.

**III. Confrontation Clause Claim - Relief on the Merits**

In his second claim, Petitioner alleges the trial judge violated his rights under the Confrontation Clause when he refused to allow trial counsel to impeach the state's expert witness, Dr. Cochran.  Respondent argues the trial judge's decision to limit cross-examination was not contrary to or an unreasonable application of clearly established federal law and that, in any event, any constitutional error was harmless.[1]

---

[1]Respondent also contends Petitioner procedurally defaulted this claim because his trial attorney did not raise Sixth Amendment Confrontation Clause claims as part of his evidentiary argument at trial.  Petitioner did, however, present Sixth Amendment Confrontation Clause claims to the Oregon Court of Appeals and the Oregon Supreme Court based on the exclusion of the evidence at issue.  As this Court held when previously faced with this argument, "[t]o apply procedural default in such a circumstance would in effect eliminate habeas review based on the Confrontation Clause of every evidentiary objection made at trial." *Lalack v. Lampert*, 2006 WL 696215 *4 (D.Or., Mar. 13, 2006).  As in *Lalack*, because Petitioner's Confrontation Clause claim fails on the merits, the Court declines to decide the difficult exhaustion issue presented.  *Id.*; *see also* 28 U.S.C. § 2254(b)(2) ("[a]n application

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 339-340 (2003).

Furthermore, this Court must analyze claims of harmless error on habeas review pursuant to the standard adopted in *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993). *See Morales v. Woodford*, 338 F.3d 1159, 1172 (9th Cir. 2004) (applying *Brecht* review), *cert. denied*, 546 U.S. 935 (2005). The Court considers harmful only those errors shown to have a "'substantial and injurious effect or influence in determining a jury's verdict.'" *Brecht*, 507 U.S. at 637 (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). In other words, only from which a petitioner can

---

for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state").

establish "actual prejudice" will survive harmless error analysis. *Id.*

At the re-sentencing hearing, Petitioner's attorney attempted to cross-examine the state's expert witness, Dr. Cochran, with information pertaining to his professional standing and adherence to ethical standards in other cases. The trial judge barred the cross-examination as irrelevant. Petitioner alleges the information was relevant to Dr. Cochran's opinion, and that the re-sentencing trial judge violated Petitioner's rights under the Sixth Amendment Confrontation Clause when he barred the cross-examination.

The Sixth Amendment provides that "[i]n all criminal prosecutions the accused shall enjoy the right to . . . be confronted with the Witnesses against him." U.S. Const. amend. VI. The Confrontation Clause includes the right to impeach prosecution witnesses. *Delaware v. Van Arsdall*, 475 U.S. 673 (1986). It does not, however, mean that one has an unlimited right to cross-examine a witness:

> [T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other thing, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant. . . . "[T]he Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish."

11 - OPINION AND ORDER -

*Van Arsdell*, 475 U.S. at 769 (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (per curiam)).   A violation of the Confrontation Clause occurs only if the trial court has denied the jury "sufficient information to appraise the biases and motivations of the witness." *U.S. v. Bleckner*, 601 F.2d 382, 385 (9th Cir. 1979) (citing *Skinner v. Cardwell*, 564 F.2d 1381 (9th Cir. 1977), *cert. denied*, 435 U.S. 1009 (1978)).

Here, the trial judge placed "reasonable limits" on cross-examination of Dr. Cochran at the re-sentencing hearing. Moreover, Petitioner fails to show the rejected evidence had a substantial and injurious effect on the dangerous offender finding. *Brecht*, 507 U.S. at 623.  Notwithstanding any alleged infirmities in Dr. Cochran's method and conclusion, the trial judge found the dangerous offender determination was amply supported by the nature of the crimes Petitioner committed and the fact Petitioner was on probation for Sex Abuse in Second Degree at the time of the crimes. Resp. Exh. 109, pp. 182-83. Accordingly, Petitioner is not entitled to habeas corpus relief on his Confrontation Clause claim.

///

///

///

///

## **CONCLUSION**

For these reasons, the Petition for Writ of Habeas Corpus is DENIED, and this action is DISMISSED.

IT IS SO ORDERED.

DATED this ___19th___ day of March, 2008.


        /s/ Anna J. Brown
                ANNA J. BROWN
                United States District Judge

P:\Brown-LawClerks\05-911alonde0318opinion.wpd